UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TERENCE E. BLASSENGALE, | ) | CASE NO. 1:12 CV 2336 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| SHARON LITTLE, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) | |

On September 18, 2012, Plaintiff *pro se* Terence E. Blassengale filed this action against Defendant Sharon Little, identified as Manager of Spring Brook High Rise ("Spring Brook"). Plaintiff is a tenant at Spring Brook. He allegedly complained to Spring Brook Management on behalf of a fellow tenant whose unit had bedbugs. He also complained on behalf of a different tenant because a tenant residing above her caused flooding in her apartment. Plaintiff was subsequently informed he was a suspect in a misdemeanor matter. He later received a late rent notice, and believes Defendant is conspiring against him because of the complaints he made. Plaintiff asserts violation of his right to due process and pendant state law claims.

On October 8, 2012, Defendant filed a Motion to Dismiss, or in the Alternative, to Quash Service of Process, which this court granted by marginal entry on October 11, 2012, instructing plaintiff to perfect service as required by Rule 4 of the Federal Rules of Civil Procedure. Apparently in response to the marginal entry, plaintiff filed an "Amended Complaint as Instructed by this Honorable Court" on October 16, 2012. The "Amended Complaint" was stricken by order dated November 9, 2012, for non-compliance with the October 11 order.

Defendant filed a second Motion to Quash on November 21, 2012, indicating plaintiff sought to serve the defendant by serving defendant's counsel of record. The Motion to Quash is well-taken and is hereby granted.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading

must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Even construing the complaint liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim, or even that there is a arguable basis for this Court's jurisdiction. This case is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see, Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *see also, In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988)(recognizing that federal question jurisdiction is divested by unsubstantial claims).[1]

Accordingly, this action is dismissed.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 12/7/12*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] It should be noted that neither is there anything in the "Amended Complaint" sought to be filed by plaintiff, and stricken by this court, suggesting an arguable basis for the court to exercise jurisdiction.